IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| GARY VAUGHN | § | |
| VS. | § | CIVIL ACTION NO. 9:14cv46 |
| WARDEN BLANCHARD, ET AL | § | |

## MEMORANDUM OPINION REGARDING VENUE

Plaintiff Gary Vaughn, an inmate confined in the Hughes Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Warden Blanchard and Warden Butcher. The defendants are employed at the Hughes Unit.

## Analysis

The Civil Rights Act, 42 U.S.C. § 1981, *et. seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.

Plaintiff's claim arose in Coryell County, where the Hughes Unit is located. In addition, the defendants appear to reside in Coryell County. Pursuant to 28 U.S.C. § 124, Coryell County is located in the Waco Division of the United States District Court for the Western District of Texas.

As Coryell County is located in the Western District of Texas, venue in the Eastern District of Texas is not proper. When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Accordingly, this case should be transferred to the Waco Division of the United States District Court for the Western District of Texas. A Transfer Order shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this 9 day of April, 2014.

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE